Poor, J.
 

 (Dissenting.)
 
 — At the entrance of the new and untried way, opened by the code, for the ascertainment of truth, and the application of the rules of law and equity to the contested claims of parties, a conspicuous guide-hoard has been erected by the legislature. There is written upon it, this marked direction — “
 
 The distinction between legal and equitable remedies shall no longer'
 
 
 *340
 

 continue, and a uniform course of proceeding, in all
 
 cases,
 
 shall he established.”
 
 The further directions on the way are designed to, and generally do, accord with this one. Although it is nowhere in the code said, in terms, that if there is a defence in equity to an action brought to enforce a strict legal right, that defence shall be interposed by the answer, yet the whole spirit of the provision, regulating that branch of practice, speaks that language. It is, therefore, my opinion, that the equitable defence of the appellant, set forth in his complaint to the action of covenant commenced by the respondent’ against him, should have been presented in his answer to that action, so that the whole controversy between the parties arising from the same cause, viz., the purchase and sale of the farm mentioned in the complaint, might have been disposed of in one suit. It follows, from these views, that the subject of the present action is necessarily involved in the previous suit pending between the same parties, and that the second ground of demurrer is well taken.
 

 The appellant contends that the respondent cannot set up the pendency of the former action on demurrer because it is not one of the causes of demurrer allowed by the code. In this he is mistaken. Conceding, for' the purpose of this opinion, that a demurrer cannot be interposed in any cases except those stated in the code (a proposition to which I am by no means prepared at present to assent), the third case mentioned in the code in which a defendant may demur, is, where “ there is an0^er *acti-ori pending between the same parties for the same cause.”
 

 I understand it to be a clear and well-established rule, that a plea of the pendency of another action between the same parties, for the same cause, stands on the same principles, and is sustained by the same proofs, as a plea in bar of a- former recovery, where the second suit is commenced, after a recovery in the first, The two pleas
 
 *341
 
 perform the same office, and the only difference between them is, that one is interposed, while the first action is still pending, and the other, after it is determined. Under the former, the second suit is abated; under the latter, it is decided for the defendant. In the present case, the grounds, object and pendency of the first action, are fully set forth in the complaint, and also the grounds and object of the second or present action. It thus distinctly appears in the complaint, that, to the first action, which was on the covenant in the deed, the appellant had a valid equitable defence, resting on a mistake in the same deed, and which mistake is the subject-matter of the present action. The respondent’s course was clear: there being no additional facts necessary to his defence, an answer setting up the pendency of the former action was unnecessary and inappropriate, and a demurrer the appropriate remedy.
 

 The question then arises, whether a matter, which the parties might have litigated and have had decided in the first action, can be the subject of a second one. This question has been definitely settled, not only in our own courts, but in those of England and several states of our Union. The rule is laid down by Radcltee, J., in the great case of
 
 Le Guen
 
 v.
 
 Governeur
 
 (1 Johns. Cas. 491), as follows — a recovery “is not only final as to the matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided.” Mr. Shepherd, in a full and learned note to this case, says, in reference to the principle just quoted: — “The general principle here stated has become *firmly fixed in the jurisprudence of the country.” He refers to numerous decisions by our own courts, the English courts, and the courts of severa. M our sister states, which fully sustain the principle and show a great variety of instances of its application.
 

 In this case, the second ground of demurrer, instead
 
 *342
 
 of being stated in the true and simple language of the code, viz. — “Another action pending between the same parties for the same cause,” is stated in the language of the principle on which it rests, and is as follows:— “The facts and matters stated in the amended complaint, belong to and are embraced in the action pending at the commencement of this suit, and set forth in the said complaint between this defendant, as plaintiff, and this plaintiff, as defendant therein, and are not a proper subject-matter of another suit, while that is pending.” This is obviously nothing more, in substance and effect, than the cause of demurrer allowed by the code.
 

 My brethren who are of opinion that the judgment ought to be reversed, think that the complaint in this action prays for a reformation of the deed, and thus asks relief beyond a defence against the covenant. I do not so understand the prayer of the complaint; it is for a perpetual injunction against the further prosecution of the suit on the covenant,"and that the deed “(if necessary) may be reformed.” By this, it appears to me, the appellant asks for a reformation of the deed only in case it is necessary to obtain a perpetual injunction against a further posecution of the action on the covenant, or in other words, to give him protection against that covenant.
 

 For these reasons, I am of opinion, that the demurrer should be allowed, and judgment rendered absolutely for the respondent, and that the judgment of the supreme court should be modified accordingly.
 

 Judgment reversed, and that of the special term affirmed.